IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**LEALON MULDROW,**

                **Plaintiff,**

      **v.**                             **CASE NO.  11-3222-SAC**

**GREG LAWSON,**
**et al.,**

                **Defendants.**

### O R D E R

This pro se "suit brought under the Freedom of Information Act (5 U.S.C. § 552)" was filed by an inmate of the Federal Correctional Institution, Glenville, West Virginia.  In the body of his complaint, Mr. Muldrow lists 12 police officers "that were directly involved in plaintiff's arrest, suppression hearing, information to grand jury and plaintiff's jury trial."  He alleges that the involvement of these individuals occurred between the date of his arrest on September 18, 1992, and the approximate date of his jury trial in February 1993.  He files this action "to compel disclosure to the plaintiff" of information "pertaining to any possible arrests, convictions and infractions of policies and procedures of the Kansas City, Kansas Police Department" by these 12 police officers.  He specifically requests the date, charge, and disposition of any arrest, conviction, or disciplinary hearing held against any of these 12 officers, if such an event has ever occurred.

**FILING FEE**

The statutory fee for filing a civil action in federal court is

$350.00. Plaintiff has filed a motion to proceed without prepayment of fees (WPF)(Doc. 2), and has provided an Inmate Account Statement in support as statutorily mandated. Under 28 U.S.C. § 1915(b)(1), a plaintiff granted such leave is not relieved of the obligation to pay the full fee of $350.00 for filing a civil action. Instead, being granted leave to proceed WPF merely entitles an inmate to proceed without prepayment of the full fee, and instead to pay the filing fee over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2). Furthermore, § 1915(b)(1), requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action. Having examined the records of plaintiff's account, the court finds the average monthly deposit to plaintiff's account for the relevant period has been $ 22.71, and the average monthly balance has been $ 20.50. The court therefore assesses an initial partial filing fee of $ 4.50, twenty percent of the average monthly deposit, rounded to the lower half dollar. Plaintiff must pay this initial partial filing fee before this action may proceed further, and will be given time to submit the fee to the court. His failure to submit the initial fee in the time allotted may result in dismissal of this action without further notice.

**SCREENING**

Because Mr. Muldrow is a prisoner suing state officials, the court is required by statute to screen his complaint and to dismiss

2

the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).  Having screened all materials filed, the court finds the complaint is subject to being dismissed for the following reasons.

Plaintiff purports to seek this information under the Freedom of Information Act (FOIA), 5 U.S.C. § 552.  However, FOIA governs requests made for records of a federal agency.  See <u>Trentadue v. F.B.I.</u>, 572 F.3d 794, 796 (10th Cir. 2009).  FOIA does not apply to state agencies.  5 U.S.C. § 551(1)(defining agency to which the Act applies as "each authority of the Government of the United States").  Thus, plaintiff does not allege a valid legal basis for the relief he seeks in this court.

Plaintiff is given time to show cause why this action should not be dismissed for failure to state a claim in federal court under the cited statutory authority.  If he fails to show cause within the time allotted, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that plaintiff is granted twenty (20) days in which to submit to the court an initial partial filing fee of $ 4.50.  Any objection to this order must be filed on or before the date payment is due.  The failure to pay the fees as required herein may result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that within the same twenty-day period, plaintiff is required to show cause why this action should not be dismissed for failure to state a claim for relief in federal court under FOIA.

**IT IS SO ORDERED.**

Dated this 27th day of January, 2012, at Topeka, Kansas.

                                        s/Sam A. Crow
                                        U. S. Senior District Judge